UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:12-cr-00492-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| SHAWN DAVID BAKER, | |
| Defendant. | |

AIKEN, Judge:

In 2014, defendant pled guilty to a charge of felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). At sentencing, I determined that defendant's prior burglary convictions rendered him a career offender under the Armed Career Criminal Act (ACCA); ultimately, I imposed a sentence of 130 months' imprisonment. *See* 18 U.S.C. § 924(e)(1); U.S.S.G. § 4B1.1. Defendant now moves to vacate and correct his sentence under 28 U.S.C. § 2255.

Defendant argues that, pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior convictions for first-degree burglary no longer support the ACCA sentencing enhancement. The government opposes the motion and contends that defendant's first-degree burglary convictions remain viable, predicate offenses under the ACCA.

Under *Johnson*, defendant's burglary convictions no longer qualify as predicate offenses under the residual clause of the ACCA. *See also Welch v. United States*, 135 S. Ct. 1257, 1268

1 - OPINION AND ORDER

(2016) (holding that *Johnson* applies retroactively on collateral review). Further, as I explained in *United States v. Mayer*, No. 6:05-cr-60072-AA (D. Or. Feb. 15, 2016), first-degree burglary in Oregon is not an ACCA qualifying offense under either the categorical or the modified categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276 (2013); *Rendon v. Holder*, 764 F.3d 1077 (9th Cir. 2014); *see also United States v. Almanza-Arenas v. Lynch*, 809 F.3d 515 (9th Cir. 2015) (en banc). For the reasons set forth in *Mayer*, defendant's convictions for first-degree burglary do not qualify as predicate offenses for purposes of the ACCA, and he is not subject to the relevant sentencing enhancements.

Accordingly, defendant's Motion Under § 2255 (doc. 51) is GRANTED. Defendant's previous sentence of 130 months is VACATED, and the court will schedule a resentencing hearing. Defendant argues that he has served more time in custody than he would have served with a low-end guideline sentence absent the career offender enhancement, and that he should be released pending resentencing. However, defendant assumes the court would impose a low-end sentence on resentencing, and his calculations do not include specific offense characteristics included in the PSR that would increase his presumed base offense level. Therefore, defendant will remain in custody.

DATED this 1st day of June, 2016.

Ann Aiken
United States District Judge